UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-10407-VAP-KSx | Date | January 21, 2021 |
|---|---|---|---|
| Title | *Juan C. Gamarra v. ADT, LLC* | | |

| Present: The Honorable | VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE |
|---|---|

| Christine Chung | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:  MINUTE ORDER DENYING MOTION FOR REMAND [15] (IN CHAMBERS)**

Plaintiff Juan C. Gamarra ("Plaintiff") filed a Motion to Remand ("Motion") on December 9, 2020.  (*See* Dkt. No. 15.)  Defendant ADT LLC ("Defendant" or "ADT") filed its Opposition to the Motion ("Opposition") on December 30, 2020.  (*See* Dkt. 18.)  Plaintiff did not file a timely Reply.  The Court finds the matter appropriate for resolution without hearing pursuant to Local Rule 7-15 and VACATES the hearing set on January 25, 2021 at 2:00 p.m.  Having considered the papers filed in support of, and in opposition to, the Motion, the Court DENIES the Motion.

**I.  Background**

On July 2, 2020, Plaintiff filed a Complaint in the Superior Court for the County of Los Angeles against Defendants ADT LLC and Does 1 through 100 ("Defendants").  (Dkt. 3.)  In the Complaint, Plaintiff alleges that he was hired as a technician for ADT.  (*Id.* ¶ 11.)  During his time of employment, Plaintiff was denied rest and meal periods required by California law.  (*Id.* ¶¶ 13–16.)  Plaintiff also alleges that he sustained a work-related injury in 2019 and was thereafter terminated from his employment.  (*Id.* ¶¶ 18, 21.)  Plaintiff contends that his termination was improperly based on his disability and age.  (*Id.* ¶¶ 22–23.)

ADT removed the action to this Court on November 13, 2020 on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  (Dkt. 1.)  In its Notice of Removal, ADT states that Plaintiff is a California resident, ADT is a limited liability company with a sole member that is a Delaware corporation with a principal place of business in Florida, and Plaintiff alleges damages likely to exceed $75,000.  (*See id.* ¶¶ 1, 2, 11.)

Plaintiff now brings the instant Motion.  Plaintiff contends that ADT has not met its burden of demonstrating complete diversity and failed to obtain the consent of all Defendants before removing the present action.  (*See* Dkt. 15-1.)

## II.     Legal Standard

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action.  A district court has diversity jurisdiction over any civil action between citizens of different states if the amount in controversy exceeds $75,000, excluding interest and costs.  *See* 28 U.S.C. § 1332.  Section 1332(a)(1) requires complete diversity, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).  A "defendant always has the burden of establishing that removal is proper."  *Id.*  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

## III.    Discussion

In his Motion, Plaintiff raises two arguments.  First, Plaintiff contends remand is necessary because at the time ADT removed this action to federal court, it did not establish complete diversity under 28 U.S.C. § 1332(a).  (*See* Dkt. 15-1.)  According to Plaintiff, ADT failed to account for the unnamed Doe Defendants and thus cannot demonstrate diversity of citizenship.  (*Id.* at 2–3.)  Second, Plaintiff argues ADT's failure to show that all Doe Defendants have consented to removal warrants remand.  (*Id.* at 3.)

In its Opposition, ADT argues the Motion should be denied for three reasons: Plaintiff failed to comply with Local Rule 7-3 before filing the Motion; Doe defendants cannot destroy diversity jurisdiction; and it was under no obligation to obtain consent to removal from unnamed Doe defendants.  (*See* Dkt. 18.)

The Court addresses each argument in turn.[1]

The Court agrees Plaintiff failed to comply with Local Rule 7-3 before filing the Motion and the Motion should be denied for this reason.  Local Rule 7-3 states as follows, in pertinent part:

---

[1] The parties do not dispute the amount in controversy requirement is met here.  They only dispute whether ADT has met its burden of showing complete diversity and whether removal was proper because not all Defendants consented to removal.

> [C]ounsel contemplating the filing of any motion shall first contact opposing counsel to ***discuss thoroughly***, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place ***at least seven (7) days prior to the filing of the motion***. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

C.D. Cal. L.R. 7-3 (emphasis added). The Notice of Motion contains no representation that Local Rule 7-3 was satisfied nor why Plaintiff should be excused from this requirement. Indeed, ADT's Declaration and supporting exhibit indicate that Plaintiff first contacted ADT regarding the Motion just one day prior to filing it. (*See* Dkt. 19-1.) Having reviewed the brief communication in question, the Court determines it does not satisfy the requirement that counsel "discuss thoroughly" the substance of the contemplated motion. (*See id.* at Ex. A.) Accordingly, the Court DENIES the Motion.

Even assuming, *arguendo*, Plaintiff had satisfied Local Rule 7-3, the Motion also fails on the merits.

As set forth in the Notice of Removal and the Opposition, Plaintiff is diverse from ADT, the only named Defendant. The presence of Does 1 through 100 does not destroy complete diversity here. The removal statute sets forth: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Accordingly, the Court disregards the Doe Defendants citizenship. *See Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998) ("First, 28 U.S.C. § 1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants."); *see also Barrus v. Recontrust Co., N.A.*, No. C11-618-RSM, 2011 WL 2360206, at *2 (W.D. Wash. June 9, 2011) ("A party cannot defeat removal jurisdiction merely by suing an unknown party under a fictitious name. If and when the parties ascertain the identity of "John Doe Holder," and if Doe's citizenship destroys complete diversity, Plaintiffs may file a motion for remand at that time.").

Furthermore, removal does not require the consent of the unnamed Doe Defendants. Only "defendants who have been 'properly . . . served in the action' must join a petition for removal." *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011) (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)); *see* Judge Virginia A. Phillips & Judge Karen L. Stevenson, Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Cal. & 9th Cir. Edition, Ch. 2D-8 at 2:3456 (April 2020 update) ("Thus, a defendant who has been served or who has otherwise acquired notice of a state court action need not seek out and notify codefendants who have not yet been served to ask them to join in the removal."). Accordingly, Plaintiff's arguments lack merit and remand is not warranted.

Plaintiff requests attorneys' fees pursuant to 28 U.S.C. § 1447(c). The Court declines the request; fees are awarded under § 1447(c) only where "[a]n order remanding the case" is issued. 28 U.S.C. § 1447(c). ADT also seeks attorneys' fees incurred in opposing the Motion, requesting the Court sanction Plaintiff *sua sponte* pursuant to Federal Rule of Civil Procedure 11. The Court declines ADT's request. Even if the Court were to act *sua sponte*, an award of ADT's attorneys' fees would be improper as "any sanctions imposed following a court-initiated order to show cause *cannot* include an attorney fee award to the opposing party." Phillips and Stevenson, *supra*, Ch. 17-B at 17:440 (emphasis in original) (citing Fed. R. Civ. P. 11(c)(4)). Accordingly, attorneys' fees are not awarded to either party.

### IV.   Conclusion

For the foregoing reasons, the Court DENIES the Motion and the parties' requests for attorneys' fees.

**IT IS SO ORDERED.**